WIGGINTON, Judge.
Appellants, Gary and Theresa Cox, appeal a final order determining that the Department of Health and Rehabilitative Services (Department) was correct in disqualifying their infant son, Michael, from the food stamp household, effective February 1, 1985, because they failed to provide the Department with Michael’s social security number. We reverse.
On November 6, 1984, Mr. Cox applied for food stamps for himself, his wife, his daughter, and his three-week-old son, Michael. On November 8, his family was certified for participation in the food stamp program on an expedited basis, making December their first full month of participation in the program. On that date also, Cox completed an SS-5 form for the purpose of obtaining a social security number for Michael, as required by the federal food stamp regulations, specifically 7 CFR section 273.2(i). Due to certain agency complications encountered in verifying Michael’s birth via his birth certificate, the Cox household was granted an additional thirty-day extension for compliance with the above regulation, pursuant to 7 CFR section 273.6.
According to the preamble to 7 CFR section 273.6, the Department intended that the thirty-day extension be an “absolute limit” on extensions for compliance with the requirement that household members produce a social security number. Cox did not receive a social security number for Michael from the Social Security Administration by the expiration of the thirty-day extension. Therefore, the Department disqualified Michael from participation in the program, effective February 1,1985, on the basis of that technicality pursuant to the above regulations.
After an administrative hearing, the hearing officer found that 7 CFR section 273.6 does not allow for an additional extension of time to provide a social security number beyond the thirty-day extension which the Department allowed. Therefore, the hearing officer concluded that HRS had acted correctly in disqualifying Michael from food stamp benefits.
The record in this case shows that Cox complied with all requirements of the pertinent regulations governing food stamp eli *150 gibility. According to 7 CFR section 273.6, his efforts and his circumstance are to be considered good cause for a thirty-day extension' of time for compliance with the requirement that a social security number be produced. The regulation itself does not provide that the thirty-day extension for good cause is an absolute limit. That provision is contained only in the preamble to the regulation and should not work as an absolute bar to a further extension in a situation, such as the instant one, where, undisputedly, the failure to produce a social security number for a household member is due entirely to causes beyond the control of the applicant and to circumstances within the control of state and federal agencies. In order to satisfy due process requirements, the “absolute limit” established by the preamble should be classified as a rebuttable presumption. Under the circumstances of this ease, appellant sufficiently rebutted the presumption with his showing that, for good cause, he was unable timely to produce a social security number for Michael.
In this age of electronically controlled bureaucracy, the role of courts now, more than ever, is to assure that the necessary rules and regulations which are adopted to maintain an orderly process are interpreted and applied in a manner that both fosters and safeguards the ideals of humanity and reason. In a case such as the instant one, we cannot, through rigid literal interpretation, allow the wording of certain rules and regulations to result in the abandonment of reason and due process.
REVERSED.
BOOTH, C.J., and BARFIELD, J., concur.